UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

QUENTIN M. NEAL,

        Plaintiff,

        v.                                             Case No. 25-cv-0734-bbc

DIANA SIMMONS,
SARA ENGLISH,
TONYA WESNER, and
EDWARD ROTHBAUER,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Quentin Neal, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Neal's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Neal has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Neal has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $53.84. Neal's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Neal explains that in April 2022, he injured his right Achilles tendon while playing basketball during recreation time. At the time, his healthcare provider was APNP Diana Simmons. Simmons ordered an MRI, which was performed in May 2022. The MRI revealed a "high grade partial tear" to his Achilles tendon. APNP Simmons allegedly prescribed conservative treatment, including a packet of exercises that Neal was to perform on his own in his cell. Neal does not describe any further communications with APNP Simmons.

Nearly two years later, on April 23, 2024, Neal had a second MRI, which showed "mild chronic Achilles tendinosis." It appears that, at the time, Dr. Sara English was Neal's provider, as she is the one who "established a plan of care for Neal," which allegedly included conservative treatment and self-help information. Neal does not describe any further communications with Dr. English.

According to Neal, in July 2024, APNP Tonya Wesner responded to Neal's complaints that he was still having issues with his injury. Neal explains that APNP Wesner referred him to physical therapy to address a suspected pinched nerve in his back; she also provided self-help information to address his heel pain. Neal explains that he was seen by physical therapist Edward Rothbauer. According to Neal, PT Rothbauer refused to address Neal's complaints of heel pain, explaining that the referral was only to address Neal's back pain. PT Rothbauer allegedly instructed Neal to ask APNP Wesner to enter a separate referral for his heel pain. According to Neal, APNP Wesner denied all of his requests. Neal asserts that PT Rothbauer eventually discharged him from physical therapy, stating that "Neal has met the maximum benefit of care from [the health services unit]." Neal states that he has continued to plead for help, but he has been denied further treatment. Instead, staff has assured him that he would not benefit from a

surgical procedure. Neals asserts that he is in pain and that he has strength imbalances in his calves because the right calf muscle is significantly smaller and weaker than his left calf muscle.

## ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc*., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). As the Seventh Circuit has explained, persisting in treatment known to be ineffective can constitute deliberate medical indifference, as long as the provider was subjectively aware that the treatment plan was ineffective. *Petties*, 836 F.3d at 729–30; Goodloe, 947 F.3d at 1031. However, it is not enough that the plaintiff believes the treatment was ineffective or disagrees with the provider's chosen course of treatment. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). The treatment must deviate so substantially from accepted professional judgment that no reasonable physician would reach the same judgment. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

With the foregoing in mind, the Court will allow Neal to proceed on an Eighth Amendment claim against APNP Wesner based on allegations that she refused to refer Neal to physical therapy and/or consider alternative options to address his persistent heel pain despite him telling her that

4

the prescribed conservative treatment was not effectively addressing his pain and strength imbalances.

Neal does not, however, state a claim against APNP Simmons or Dr. English. According to Neal, both APNP Simmons and Dr. English ordered an MRI in response to his complaints of pain and then, after reviewing the results, provided him with exercise options to help him strengthen and mobilize the impacted muscles. Diagnosing an injury and beginning with conservative treatment does not suggest that these providers were deliberately indifferent to Neal's condition. Neal does not allege that he completed the exercises as prescribed or that he informed APNP Simmons or Dr. English of continued pain or strength imbalances after completing the exercises. These providers cannot have been deliberately indifferent to an issue about which they were unaware.

Nor does Neal state a claim against PT Rothbauer based on his refusal to treat Neal's heel pain because Neal had been referred to physical therapy only for back pain, not heel pain. PT Rothbauer's authority to provide treatment was limited to whatever area a provider had determined required physical therapy. When Neal complained to him of heel pain, PT Rothbauer instructed Neal to raise his request for treatment to APNP Wesner so she could determine whether she believed physical therapy would be effective to address his concerns. PT Rothbauer informing Neal of the proper procedure to request physical therapy does not suggest that he was deliberately indifferent to Neal's condition. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights . . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.").

**IT IS THEREFORE ORDERED** that Neal's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that Neal fails to state a claim against Diana Simmons, Sara English, and Edward Rothbauer, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Neal's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on APNP Tonya Wesner.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, APNP Wesner shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Neal shall collect from his institution trust account the $296.16 balance of the filing fee by collecting monthly payments from Neal's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Neal is transferred to another institution, the transferring institution shall forward a copy of this Order along with Neal's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Neal is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Neal is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Neal may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on August 14, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge