UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

QUENTIN M. NEAL,

      Plaintiff,

  v.                                          Case No. 25-cv-0734-bbc

TONYA WESNER,

      Defendant.

---

## DECISION AND ORDER

---

Plaintiff Quentin Neal, an inmate at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. Neal is proceeding on an Eighth Amendment deliberate indifference claim and state law medical negligence/malpractice claim against Advanced Practice Nurse Prescriber Tonya Wesner based on allegations that she refused to refer him to physical therapy and/or consider alternative options to address his persistent heel pain. On December 29, 2025, Defendant moved for summary judgment on the ground that Neal did not exhaust the administrative remedies before he brought this lawsuit. Dkt. No. 22. For the reasons explained below, the Court will grant the motion and dismiss this case.

## BACKGROUND

According to Neal, he has been suffering from pain in his Achilles tendon for several years. He states that conservative measures have not addressed the pain, so in December 2024 he began to seek additional treatment, including physical therapy. Neal also suffers from persistent shoulder and back pain. The treatment he received for those conditions is not at issue in this case. In January and February 2025, Neal submitted ten inmate complaints about the health service unit's lack of responsiveness to his requests to address his back, shoulder, and Achilles tendon pain. Only four of those inmate complaints were accepted and processed. The other six were returned

to Neal because of various deficiencies, including the inmate complaint containing more than one issue, Neal failing to make informal efforts to resolve the inmate complaint, and the issue being unclear. Dkt. No. 24. Most of the returned inmate complaints were later re-submitted by Neal and processed, as detailed below.

First, WCI 2025-1141 details the lack of a response to Neal's complaints of shoulder pain. Dkt. No. 24 at ¶¶13-33. Next, WCI 2025-1557 explains Neal's disagreement with nursing staff refusing to address both his shoulder and Achilles tendon pain at the same appointment and instead requiring him to submit a second health services request to be seen for complaints of heel pain. *Id.* at ¶¶53-57. WCI 2025-1866 raises Neal's frustration at health services staff refusing to immediately evaluate him after he reported lower back and body pain to officers who allegedly declared Neal to be having a medical emergency. *Id.* at ¶¶58-71. And, finally, in WCI 2025-2551 Neal complains that the health services unit "officer [was] not responding to [his] interview requests." He further noted that, "in remedial course of action, [he was] requesting a response from unit manager (or HSU) . . . " to his requests about the condition of his Achilles tendon. *Id.* at ¶¶82-89; Dkt. No. 25-11 at 11.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932,

2

937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**ANALYSIS**

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Wisconsin has established the inmate complaint review system to review inmate grievances regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment. Wis. Stat. §DOC 310.06(1). Although the applicable Wisconsin statutes do not require that an inmate complaint identify the perpetrator of an alleged problem or identify the potential legal claim that may later be pursued, *see Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021), the inmate complaint must "provide notice to the prison of the nature of the wrong for which redress is sought," *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020).

None of the four inmate complaints that were accepted and processed provided notice to the prison of the nature of the wrong that Neal seeks to redress in this lawsuit. Specifically, WCI 2025-1141 and WCI 2025-1866 involve complaints about the lack of treatment in response to Neal's complaints of shoulder pain and back/lower body pain, respectively. Neal does not reference his Achilles tendon pain in these inmate complaints, so these inmate complaints did not provide the prison with notice of or the opportunity to address those concerns.

Next, while WCI 2025-1557 and WCI 2025-2551 both reference Neal's Achilles tendon pain, they do so in the context of Neal complaining about his inability to get an appointment with

3

a provider, not in the context of Neal complaining about the adequacy of the provider's treatment. In other words, in these two inmate complaints, the issue raised by Neal is that he is not receiving *any* treatment because nursing staff and the health services unit supervising staff were giving him the runaround whenever he requested an appointment with a provider for his Achilles tendon pain. The prison could not have been on notice that a provider was persisting in an ineffective course of treatment or providing deficient treatment if, at the time Neal submitted his inmate complaints, no provider had examined Neal.

The Court understands Neal's frustration at being unable to convince a nurse to schedule an appointment with a provider. However, to exhaust the administrative remedies, Neal was required to complete the grievance process for the claim pursued in this lawsuit—namely, that APNP Wesner provided inadequate care in response to Neal's complaints of heel pain. This is not the claim that Neal grieved at the prison, so APNP Wesner is entitled to summary judgment. *See Schillinger*, 954 F.3d at 993 (holding that the inmate complaint must provide notice of and an opportunity to correct the particular claims raised in the lawsuit).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 22) is **GRANTED** and this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Neal's motion for summary judgment (Dkt. No. 31), Defendant's motion to strike Neal's sur-reply (Dkt. No. 38), and Neal's motion to file a sur-reply (Dkt. No. 41) are **DENIED as moot**.

Dated at Green Bay, Wisconsin this 6th day of March, 2026.

s/ *Byron B. Conway*<br>
Byron B. Conway<br>
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.